## ZACHARIAH MORGAN *vs.* JULIUS H. MORSE.

An auditor's report is *prima facie* evidence, but does not change the burden of proof.

An instruction to the jury, that the burden of proof is upon the defendant to overturn or control an auditor's report in favor of the plaintiff, is no ground of exception, if it does not appear that the distinction between being *prima facie* evidence and changing the burden of proof was brought to the attention of the court.

A ruling that the plaintiff has a right in the first instance to rely upon an auditor's report in his favor, and, if the defendant should offer evidence tending to control that report, then the plaintiff, as a matter of right, might give evidence in support of his case, is no ground for setting aside the verdict.

In an action to recover the price of bricks of a certain kind, a building contract between the defendant and a third person, by which the latter agrees to take the bricks purchased by the defendant at the same prices as those now charged by the plaintiff to the defendant, is admissible in evidence, against the defendant, of the kind and price of the brick.

ACTION OF CONTRACT to recover for "jobbing brick" and "hard brick," particularly mentioned in the plaintiff's bill of particulars, sold by the plaintiff to the defendant. The case was sent to an auditor, who made a report thereon in favor of the plaintiff. Trial in the court of common pleas in Essex, before *Briggs*, J., who signed this bill of exceptions :

"The plaintiff read to the jury the auditor's report, and then stated that he would rest his case, but should ask the privilege to put in other testimony after the defendant had met the report. To this the defendant replied, that he should object to any evidence which was not strictly rebutting testimony. But the court ruled that the plaintiff could in the first instance rely upon the auditor's report, without going further; and that if the defendant offered evidence tending to control the report, then the plaintiff, as a matter of right, might put in evidence generally in reply and in the support of his case. To this the defendant excepted.

"The defendant then offered evidence tending to prove that the bricks delivered to the defendant were not such as mentioned in the plaintiff's bill of particulars, but were of a much inferior quality, and that there were not so many delivered as charged and found delivered by the auditor's report. After the defendant had closed his case, the plaintiff offered evidence generally to

support his case, tending to prove a contract between the parties on the kind, quality and number of brick delivered; which evidence, under the foregoing ruling, was admitted, although against the defendant's objections.

" The plaintiff proved the execution of a building contract between the defendant and Enoch Pratt, by which Pratt, among other things, ' agrees to lay the brick purchased by the said Morse of Zachariah Morgan, and allow him, on final settlement, the following prices, viz: for red and soft brick $5.75, for hard brick $7, and for faced brick $13.50, and cost of freight and teaming; ' and then offered this contract to show the declarations and admissions of the defendant as to the kind of brick he bought of plaintiff, and as to the price ; and the court admitted it for that purpose. The defendant objected to this evidence, as it did not tend to prove that the bricks delivered were of the kind mentioned in plaintiff's bill of particulars.

" The plaintiff also offered evidence, against the defendant's objections, tending to prove that the defendant sold the brick to said Pratt for the same prices charged by the plaintiff to the defendant ; which evidence the court admitted.

" The court instructed the jury that the burden of proof was upon the defendant to overturn or control the auditor's report.

" To all of which rulings the defendant excepts," and his exceptions were argued at Boston in January 1859.

*D. Saunders, Jr.* for the defendant. 1. The plaintiff, after he had rested and closed his case, could not, as a matter of right, re-open it and introduce evidence generally in support of his claim. *Jones* v. *Kennedy,* 11 Pick. 125. *Underhill* v. *Agawam Mutual Fire Ins. Co.* 6 Cush. 440. *York* v. *Pease,* 2 Gray, 282. *Chadbourn* v. *Franklin,* 5 Gray, 312. *Holbrook* v. *McBride,* 4 Gray, 215. *Rex* v. *Stimpson,* 2 Car. & P. 415. *Knapp* v. *Haskall,* 4 Car. & P. 599. *Rex* v. *Hilditch,* 5 Car. & P. 299.

If, under the discretion of the court, the plaintiff might be permitted to introduce evidence out of the regular course of proceedings, in this case, that discretion was not exercised ; and the defendant had no opportunity to present any matter, which might influence such discretion. *Haynes* v. *Saunders,* 11 Cush. 538.

2. The contract of the defendant with Page had no tendency to show admissions of the defendant that the plaintiff delivered the kinds of brick mentioned in his bill of particulars. And the price for which the defendant sold the brick was entirely immaterial and irrelevant, and only tended to prejudice the minds of the jury. *Gardner* v. *Field,* 1 Gray, 151. The admission of irrelevant and immaterial evidence is sufficient ground for setting aside a verdict. *Ellis* v. *Short,* 21 Pick. 142. *Walker* v. *Leighton,* 11 Mass. 140. *Brown* v. *Gordon,* 1 Gray, 182.

3. The burden of proof was, through the trial, upon the plaintiff, and at no time shifted upon the defendant. The defendant, under any circumstances, was only required to produce evidence which would leave it doubtful in the minds of the jury, whether the auditor's report should stand or not. *Powers* v. *Russell,* 13 Pick. 69. *Tourtellot* v. *Rosebrook,* 11 Met. 460. *Beals* v. *Morrison,* 11 Met. 470. *Morrison* v. *Clark,* 7 Cush. 213. *Delano* v. *Bartlett,* 6 Cush. 364. *Snow* v. *Batchelder,* 8 Cush. 513. *Blanchard* v. *Young,* 11 Cush. 341. *Crowninshield* v. *Crowninshield,* 2 Gray, 524. *Central Bridge* v. *Butler,* 2 Gray, 130.

*N. W. Harmon,* for the plaintiff.

BIGELOW, J. The cases heretofore decided by this court, in regard to the effect to be given to auditors' reports as evidence, are *Allen* v. *Hawks,* 11 Pick. 359; *Lazarus* v. *Commonwealth Ins. Co.* 19 Pick. 81; *Jones* v. *Stevens,* 5 Met. 373; *Taunton Ins. Co.* v. *Richmond,* 8 Met. 434; *Barnard* v. *Stevens,* 11 Met. 297, and *Locke* v. *Bennett,* 7 Cush. 452. In all these cases it is held that the report of an auditor upon any matter properly submitted to him, is *prima facie* evidence of the facts found by him. In two of them, *Allen* v. *Hawks* and *Jones* v. *Stevens,* it is said to have the effect of changing the burden of proof. But it is quite obvious, on an examination of those cases, that it was not intended to hold, that the burden of proving the issue, or of establishing a proposition of fact essential to the maintenance of the case of a party in whose favor the auditor had found, was thereby shifted. The phrase " burden of proof," was there used, not in its technical sense, to indicate that a new and distinct proposition or issue of fact was to be established by the party

against whom the report of the auditor had been offered in evidence, but only as signifying that thereby a *prima facie* case was made out, and that it was incumbent on the other party to offer evidence to rebut and control it, or else it would be conclusive. This mode of using the phrase, though somewhat loose and inaccurate, is quite common, and where not improperly applied to a case, so as to confuse or mislead the jury, cannot be held to be a misdirection. *Powers* v. *Russell*, 13 Pick. 76. *Delano* v. *Bartlett*, 6 Cush. 368. In this sense it was manifestly used in the present case. The attention of the court was not called to the distinction between that evidence which was sufficient to impeach and overcome a *prima facie* case, and that which was necessary to sustain the issue on the part of the plaintiff. No instruction was asked by the defendant upon this subject. It would have been more correct for the court to have instructed the jury that the report of the auditor in favor of the plaintiff was *prima facie* evidence, and sufficient to entitle him to a verdict, unless it was impeached and controlled by the evidence offered by the defendant. But we see no reason to believe that the instruction given was not properly understood, or that the defendant was in any way aggrieved thereby.

The evidence of the contract executed by the defendant was competent as an admission by him of the kind and quality of brick, designated as jobbing and hard brick, which the plaintiff had agreed to furnish him. And this evidence, as well as the other testimony offered by the plaintiff, was properly admitted, after the defendant had introduced his proof, for the purpose of impeaching and overruling the report of the auditor. Its admission at that stage of the trial was entirely within the discretion of the court. That discretion would have been wisely exercised in this case, according to the well settled practice in this commonwealth; and although the evidence was admitted as a matter of right, we cannot see that the defendant was thereby prejudiced. *Exceptions overruled.*